UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WESLEY TILLMAN NELSON, IV

    Plaintiff,

v.

JACKSONVILLE SHERIFF'S OFFICE;
CITY OF JACKSONVILLE; MIKE WILLIAMS
sued in his official capacity;
T. K. WATERS
sued in his official capacity;  and D. H. Bostick,
ID No. 76069; R. A. Neader, ID No. 77815;
Sgt. R. Walker, ID No. 61142;  J. C. Causey,
ID No. 74180; Z. A. Swain, ID No. 77197;
M. A. Higginbotham, ID No. 79703; D. B.
Kelsay, ID No. 79335; S. Ladue, ID No.
69806; D. D. Ray, ID No. 70367 sued in their
Individual and official capacities.

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Carlton "Duke" Fagan
Fla. Bar No. 0369690
Counsel for Plaintiff

## INTRODUCTION

1. This is a civil rights lawsuit under §1983 of the United States Code to enforce the rights secured to the Plaintiff by the Fourth Amendment of the United States Constitution.

## PARTIES

2. Plaintiff Wesley Tillman Nelson, IV is a citizen of the United States. He was a resident of Clay County, Florida at the time of the incident complained of herein.

3. The City of Jacksonville, Florida is sued as the governmental entity that is responsible for the offices occupies by all of the other Defendants.

4. The Jacksonville Sheriff's Office is sued as the governmental agency that is responsible for the offices occupied by all other Defendants who are law enforcement officers.

5. Defendant T. K. Waters is sued in his official capacity as the Sheriff of Duval County Florida and the official head of the Jacksonville Sheriff's Office.

6. Defendants D. H. Bostick, R. A. Neader, Sgt. R. Walker, J. C. Causey, Z. A. Swain, M. A. Higginbotham, D. B. Kelsay, S. Ladue, and D. D. Ray are all

law enforcement officers employed by the Jacksonville Sheriff's Office and are sued in their individual and official capacities.

7. Defendants D. H. Bostick, R. A. Neader, Sgt. R. Walker, J. C. Causey, Z. A. Swain, M. A. Higginbotham, D. B. Kelsay, S. Ladue, and D. D. Ray are all law enforcement officers employed by the Jacksonville Sheriff's Office and were, at all relevant times operating under the color of state law.

8. The City of Jacksonville and the Jacksonville Sheriff's Office were at all times relevant to this action, the employers of Defendants T. K. Waters, D. H. Bostick, R. A. Neader, Sgt. R. Walker, J. C. Causey, Z. A. Swain, M. A. Higginbotham, D. B. Kelsay, S. Ladue, and D. D. Ray.

9. Defendant Mike Williams is sued in his official capacity as the Sheriff of Duval County Florida and the official head of the Jacksonville Sheriff's Office.

10. The Jacksonville Sheriff's Office, through its Sheriffs, was, at all times material to this matter, the final decisionmaker for the departmental policies that governed the actions of its Officers regarding use of force.

**JURISDICTION AND VENUE**

11. Wesley Nelson brings this lawsuit under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983

12. This Court has jurisdiction under 28 U.S.C. § 1331.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

14. On or about September 18, 2019, Plaintiff Wesley Nelson was stopped for an alleged traffic infraction in Jacksonville, Florida. Subsequent to the traffic stop, Mr. Nelson fled the police. A brief chase ensued. Mr. Nelson voluntarily pulled over. When he was removed from his vehicle by police, he was forced to the ground and beaten until his back was broken. He suffered additonal injuries and he was taken by ambulance to the hospital. As a result of his treatment by the Jacksonville Sheriff's Office and its agents, Mr. Nelson's civil rights were violated and he suffered permanent physical, mental, and emotional damages.

## COUNT 1

**Violation of the Fourth Amendment for Excessive Use of Force Against Wesley Tillman Nelson, IV.**

16. Plaintiff Wesley Nelson hereby incorporates and realleges paragraphs 1 through 15 above as if fully set forth herein.

17. The Fourth Amendment protections that provide for people to be secure in their persons and to be free from unreasonable seizures prohibits the

government, through its agents and officers from using excessive force when making arrests. *Graham v. Connor,* 490 U.S. 386 (1989).

18. Defendants D. H. Bostick, R. A. Neader, Sgt. R. Walker, J. C. Causey, Z. A. Swain, M. A. Higginbotham, D. B. Kelsay, S. Ladue, and D. D. Ray learly violated the well-established civil rights of Wesley Nelson when they used excessive and unnecessary force in arresting Nelson.

19. Due their use of excessive force against Wesley Nelson, Defendants D. H. Bostick, R. A. Neader, Sgt. R. Walker, J. C. Causey, Z. A. Swain, M. A. Higginbotham, D. B. Kelsay, S. Ladue, and D. D. Ray caused permanent physical, mental, and emotional damages to Nelson.

## COUNT II

**Failure to Properly Train and Supervise Jacksonville Sheriff's Officers**

20. Plaintiff Wesley Nelson hereby incorporates and realleges paragraphs 1 through 15 above as if fully set forth herein.

21. Defendant Jacksonville Sheriff's Office has the ulitimate responsibility for the training and supervison of its officers.

22. A local government is liable under 42 U.S.C. § 1983 for the deprivation of a right when conduct attributable to the government was undertaken

with deliberate indifference to the relevant right and caused the alleged injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997).

23. Conduct is attributable to the government if the rights deprivation resulted from a decision by a policymaker or a custom so widespread as to have the force of law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 694 (1978).

24. When municipal action itself violates federal law or directs an employee to do so, the municipal action was necessarily the moving force behind the complained injury. *Bd. of Cnty. Comm'rs*, 520 U.S. at 405.

25. The Jacksonville Sheriff's Office failed to properly train and supervise its officers so as to avoid and prevent their use of excessive force against arrestees.

26. As direct and proximate result of its failure to do so, the Jacksonville Sheriff's Office caused permanent physical, mental, and emotional damages to Plaintiff Wesley Nelson.

## PRAYER FOR RELIEF

For the injuries inflicted by the violations claimed above, Plaintiff Wesley Nelson respectfully requests this Honorable Court grant him relief as follows:

A. A judgment declaring that each defendant violated Plaintff's Fourth Amendment rights in the incident giving rise to this lawsuit.

B. Compensatory damages as the jury may deem just and proper.

C. Punitive damages as the jury may deem just and proper.

D. Nominal damages in the amount of $1 for violations of the Fourth Amendments to the U.S. Constitution.

E. Any and all costs and attorneys' fees to which Plaintiff Wesley Nelson may be entitled.

F. All further legal and equitable relief as the Court may deem necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable under Statute or Rule.

Respectfully submitted this 24th day of March, 2023.

        **Duke Fagan, P.A.**


        s/Carlton "Duke" Fagan
        **Carlton "Duke" Fagan, Esq.**
        Florida Bar Number 0369690
        7 East Silver Springs Boulevard
        Suite 102
        Ocala, Florida 34470
        Telephone:    904-733-1234
        Telefax:       904-398-2681
        Duke@DukeFagan.com
        Attorneys for Plaintiff