UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WESLEY TILLMAN NELSON, IV,

    Plaintiff,

v.                                                            Case No. 3:23-cv-343-TJC-PDB

JACKSONVILLE SHERIFF'S OFFICE, et al,

    Defendants.

## O R D E R

This § 1983 excessive force case is before the Court on round two of the pleadings. The Court granted an earlier motion to dismiss following a hearing, finding the original two-count complaint was not well pled (Doc. 22). Plaintiff then filed a three-count amended complaint including some additional necessary allegations (Doc. 24). Two of the defendants have now answered the claim against them (Count I, which names defendants D.H. Bostick and Z.A. Swain only) (see Doc. 27) but the remaining defendants again move to dismiss for failure to state a claim under Rule 12(b)(6) (Doc. 26). Plaintiff responded (Doc. 28). In its review, the Court takes plaintiff's factual allegations as true, but those facts must be sufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

For the reasons that follow, defendants' motion is due to be granted.[1]

First, as to Count II, the Monell claim for failure to train or supervise, the allegations again fall short of the required pleading standard, alleging only that the Sheriff's failure to train and supervise his officers resulted in damages to plaintiff and that the failures were so obvious that no pattern or practice is required. "The Supreme Court has placed strict limitations on municipal liability under section 1983." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Under Monell, "a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). "[T]here are only 'limited circumstances' in which an allegation of a failure to train or supervise can be the basis for liability under § 1983." Id. (citing City of Canton v. Harris, 489 U.S. 378, 387 (1989)). Because a municipality would rarely have an actual policy of inadequately training or supervising its officers, a plaintiff may prove a city policy by showing the failure to train its officers

---

[1] At the hearing on the first motion to dismiss, plaintiff agreed that the Jacksonville Sheriff's Office is not a proper party. JSO is not named as a defendant in the case caption of the Amended Complaint, although it is listed in ¶4 as a party and is mentioned in Count II. The City of Jacksonville is the proper party for a municipal liability claim, such as alleged in Count II. The Clerk shall terminate the Jacksonville Sheriff's Office as a party. Likewise, while retaining the names of the current (T.K. Waters) and former (Mike Williams) Sheriffs in their official capacity in the case caption, they are not named in any count and are due to be terminated as parties.

reflects its deliberate indifference to the rights of its inhabitants. Id. (quoting City of Canton, 489 U.S. at 388-89). This generally involves demonstrating "a history of widespread prior abuse [that] put the sheriff on notice of the need for improved training or supervision." Id. at 1351. While the Supreme Court left open the possibility that there could be instances where the need to train or supervise is "so obvious" that a municipality could be liable without a pattern of prior constitutional violations, id. at 1352 (citing City of Canton, 489 U.S. at 390 n.10), the Supreme Court later explained that it would be a "narrow range of circumstances" in which the "violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." Board of County Com'rs. v. Brown, 520 U.S. 397, 409 (1997).

Plaintiff's complaint alleges the Jacksonville Sheriff's Office's failure "to properly train and supervise its officers resulted in harm and consequences to [plaintiff]" that were "so obvious and egregious as to bring that conduct into the ambit of Canton," thereby obviating the need to show any "pattern or practice on the part of the City of Jacksonville." Doc. 24 at ¶39. But without more, this conclusory allegation doesn't get us anywhere—plaintiff fails to allege what training the city should have provided and how its failure to have done so led to a constitutional violation. Taking another tack, plaintiff's response to the motion to dismiss goes back to the pattern and practice route, raising several

3

instances which he states support this claim, but the response to the motion is not a pleading. If those instances are to be used as support for Count II, they must be alleged in a pleading and their similarity to the allegations here must be clearly stated.[2] Count II is due to be dismissed for failure to state a claim.

Second, as to Count III, the failure to intervene, plaintiff alleges only that each of the seven officers named in this count "were all present at the scene of [plaintiff's] arrest." Doc. 24 at ¶40. But he does not allege that any of them, let alone each of them, had a realistic opportunity to prevent the alleged beating or were in a position to intervene at the time. See Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (explaining that officers can be held liable under § 1983 for failure to intervene to prevent a constitutional violation that occurs in their presence but they must be "in a position to intervene") (abrogated in part on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002)). Indeed, plaintiff alleges that two of the officers (Ladue and [N]eader) had just been in an auto accident when their vehicles collided at the scene (Doc. 24 at ¶23) and one or more officers were alleged to be escorting the passenger from plaintiff's vehicle to the back of a patrol car (Doc. 24 at ¶24) just before or at the time plaintiff was allegedly subjected to the excessive force, calling into question whether any

---

[2] This is not to suggest that the inclusion of these instances would alone be sufficient to state a claim under Monell. Notably, only four of them are within the last decade, and the details are scant, making comparisons to the alleged facts of plaintiff's claim difficult.

4

of those officers had a realistic opportunity to see or prevent the conduct. Plaintiff's barebones allegations are insufficient to state a claim for failure to intervene as to any of these seven officers. Count III is due to be dismissed for failure to state a claim.

While this motion was under advisement, plaintiff's counsel sought a stay for health reasons, which the Court granted. Thereafter, due to his health situation, counsel was granted leave to withdraw. Plaintiff filed a notice which, though not entirely clear, seems to indicate that he intends to continue to prosecute this case, either on his own or with counsel if he can find a new lawyer. See Doc. 33.

When the Court granted the first motion to dismiss, it stayed discovery until the pleadings were settled, but it cannot do so indefinitely. Plaintiff has some decisions to make. He can prosecute this case on his own or he can hire a lawyer to represent him. And he must decide whether to go forward just on the excessive force claim that defendants Bostick and Swain have answered or to try one more time to allege claims against the other defendants. The Court will hold the case in abeyance for a brief period to give plaintiff an opportunity to determine how to proceed.[3]

---

[3] Plaintiff received information about how to go about proceeding without counsel in the Court's August 12, 2024 order (Doc. 34).

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 26) is **granted**. Counts II and III of the Amended Complaint are dismissed without prejudice to refiling. This will be plaintiff's final opportunity to replead these claims, if he so chooses. No later than **October 1, 2024**, plaintiff (whether through counsel or on his own) shall either file a Second Amended Complaint or a statement that he is prepared to proceed just on Count I. If plaintiff files a Second Amended Complaint, defendants shall respond no later than **October 25, 2024**.

2. Discovery remains stayed until further order.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of August, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff